UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| BULLITT UTILITIES, INC. | ) | CASE NO.  15-34000(1)(7) |
| | ) | |
| Debtor(s) | ) | |
| | ) | |
| ROBERT W. KEATS, as the | ) | AP NO.  17-3072 |
| Chapter 7 Trustee | ) | |
| | ) | |
| Plaintiff(s) | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THE BULLITT COUNTY | ) | |
| SANITATION DISTRICT | ) | |
| | ) | |
| Defendant(s) | ) | |

**MEMORANDUM-OPINION**

This matter is before the Court on the Motion for Partial Summary Judgment of Bullitt County Sanitation District ("BCSD") on Counts I-IV[1] of the Complaint of Plaintiff, Robert W. Keats, Chapter 7 Trustee ("Trustee") for Debtor Bullitt Utilities, Inc. ("Debtor" or "BU").  The Court reviewed the Motion of BCSD, the Response thereto of the Trustee and for the following reasons, **DENIES** the Motion for Partial Summary Judgment.

**INTRODUCTION**

On December 1, 2017, the Trustee initiated this Adversary Proceeding with the filing of a ten count Complaint against BCSD.  The lawsuit resulted from a catastrophic failure of the Waste

---

[1] Although BCSD states in its Motion that it seeks summary judgment on Counts I-IV of the Complaint, its Motion only addresses Counts I and II of the Complaint.

Water Treatment Plant ("WWTP") and sewer collection system owned by BU on March 29, 2014, in and around Hunters Hollow, Kentucky. As a result of the failure at the WWTP, over 250,000 gallons of raw and undertreated sewage was discharged into the public waterway.

The Trustee's lawsuit against BCSD resulted from BU's alleged contracts with BCSD to provide services in connection with the WWTP's failure.

On January 24, 2018, BCSD filed its Answer to the Trustee's Complaint.

On July 16, 2018, BCSD filed its Motion for Partial Summary Judgment on Count I, Breach of Oral Contract against BCSD and Count II, Breach of the Agreement against BCSD.

On August 6, 2018, BU filed its written Response to BCSD's Motion for Partial Summary Judgment and the Court took the matter under advisement.

## LEGAL ANALYSIS

A. Count I:  Breach of Oral Contract.

    1. Subsequent Written Agreement Extinguishes Prior Oral Agreement.

BU contends that in April 2014, BCSD reached an oral agreement with BU, whereby BCSD would accept the flow of waste water and build the necessary pipeline to connect the two septic systems. BU states that although it paid BCSD $14,000 in early May for the work, BCSD refused to complete the connection and its breach of the parties' oral agreement caused BU to contract with another entity to complete the work.

BCSD contends that it is entitled to partial summary judgment as a matter of law on this claim. BCSD relies primarily on *Brady v. Central Excavators, Inc.*, 316 Mich. 594, 25 N.W.2d 630 (1947), which states that evidence of an oral contract is inadmissible where the parties subsequently enter into a written contract. Here, BCSD contends a written agreement was entered into with BU

on November 10, 2014, whereby BCSD agreed to make all reasonable efforts to accept the waste water flow from BU within sixty days.

In Kentucky, parole evidence is admissible to establish a parole agreement that is not inconsistent with the written agreement. *Bullock v. Young*, 252 Ky. 640, 67 S.W.2d 941 (1933). BU claims the oral agreement related to matters that were separate and apart from the later written agreement. BU is entitled to prove its oral contract at trial. The claim is not prohibited under Kentucky law and BCSD is not entitled to summary judgment as a matter of law in Count I.

2. <u>BCSD Can Only Act Through Official Actions of its Officers Through its Minutes</u>.

BCSD next alleges that pursuant to KRS 220.160, all actions of BCSD must be taken by resolution and any oral promise or agreement would not be enforceable because it was not taken by resolution. Since there is no reference in the Board's records, even if an individual Board member made an oral promise on behalf of the Board, it would not be enforceable. *See Louisville Civil Serv. Bd. v. Blair*, 711 S.W.2d 181 (Ky. 1986).

BCSD also claims that KRS 220.160 specifically states that all actions of sanitation districts must be by resolution. The scope of the statute, however, is limited to those matters within the duties of the directors of the board. Nothing in the statute states that all actions of sanitation districts must be by resolution.

BU contends that BCSD was acting in a proprietary capacity, rather than in a governmental capacity. Case law is clear that sanitation districts do not carry out functions integral to state government. *See*, *Coppage Constr. Co. v. Sanitation Dist. No. 1*, 459 S.W.3d 855, 860 (Ky. 2015). Therefore, they cannot act in a governmental capacity and estoppel is applicable. *Id.* Thus, BCSD is not entitled to summary judgment as a matter of law on this claim.

B. <u>Count II: Breach of the Written Agreement</u>.

    1. <u>Mediation Clause</u>.

In Count II of the Complaint, BU asserts that BCSD breached a written agreement entered into by BCSD and BU by failing to accept the flow of waste water from BU resulting in damages to BU. BCSD contends that, mediation is a pre-suit condition contained in paragraph 15.2 of the Agreement and that since BU failed to have the claim mediated prior to filing suit, all claims based on the Agreement must be dismissed as a matter of law.

BU counters this claim by stating that the Trustee requested BCSD to participate in mediation by letter dated September 23, 2016. However, according to the Trustee, BCSD did not respond to this request. BU also contends BCSD waived its right to mediation. There are genuine issues of material fact as to whether BCSD waived its right to mediation. Summary disposition of this claim is not warranted and therefore the Motion for Partial Summary Judgment on this claim must be denied.

    2. <u>Breach of the Written Agreement</u>.

In its final argument in its Motion for Partial Summary Judgment, BCSD contends that it is entitled to summary judgment in its favor on BU's claim that BCSD breached its duties under the Agreement. BCSD states that the Agreement required BCSD to "make all reasonable efforts to accept the waste water flow from the collection system within sixty days of the execution of the Agreement." BCSD states that pursuant to an Agreed Order with the Energy and Environment Cabinet entered on February 13, 2015, as well as an Amendment to the Agreement, BCSD was making all reasonable efforts to accept waste water flow from the collection system.

BU contends that the Agreed Order referenced in Section 15.09 did not change the Agreement but was a condition subsequent. The Court does not have sufficient facts at this stage to conclude that BCSD complied with the terms of the Agreement or whether it breached its duties under the terms of the Agreement. For this reason, summary judgment in favor of BCSD on the breach of the Agreement claim is inappropriate.

## CONCLUSION

For all of the above reasons, the Court will **DENY** the Motion for Partial Summary Judgment of Bullitt County Sanitation District. An Order incorporating the findings herein accompanies this Memorandum-Opinion.

*[Signature]*
Joan A. Lloyd
United States Bankruptcy Judge
Dated: September 27, 2018

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| BULLITT UTILITIES, INC. | ) | CASE NO. 15-34000(1)(7) |
| | ) | |
| Debtor(s) | ) | |
| | ) | |
| ROBERT W. KEATS, as the Chapter 7 Trustee | ) ) | AP NO. 17-3072 |
| | ) | |
| Plaintiff(s) | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THE BULLITT COUNTY SANITATION DISTRICT | ) ) | |
| | ) | |
| Defendant(s) | ) | |

**ORDER**

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Motion for Partial Summary Judgment filed by Defendant Bullitt County Sanitation District, be and hereby is, **DENIED**.

_____
Joan A. Lloyd
United States Bankruptcy Judge
Dated: September 27, 2018