UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| BULLITT UTILITIES, INC. | ) | CASE NO. 15-34000(1)(7) |
| | ) | |
| Debtor(s) | ) | |
| | ) | |
| ROBERT W. KEATS, as the | ) | AP NO. 17-3072 |
| Chapter 7 Trustee | ) | |
| | ) | |
| Plaintiff(s) | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THE BULLITT COUNTY | ) | |
| SANITATION DISTRICT | ) | |
| | ) | |
| Defendant(s) | ) | |

**MEMORANDUM-OPINION**

This matter is before the Court on Application for Compensation and Expenses for Costs Incurred by the Trustee ("Application") in Connection with his Motion to Compel filed by Plaintiff Robert W. Keats, Chapter 7 Trustee ("Trustee") for the Bankruptcy Estate of Bullitt Utilities, Inc. ("BU"). The Court considered the Trustee's Application, the Objection to the Application filed by the Defendant, Bullitt County Sanitation District ("BCSD"), and the comments of counsel for both parties at the hearing held on the matter. For the following reasons, the Court will **GRANT** the Application and **OVERRULE** the Objection of BCSD.

**LEGAL ANALYSIS**

On July 30, 2018, this Court entered an Order granting the Trustee's Motion to Compel and for Sanctions against BCSD. The Order stated that BCSD would have to pay the attorneys' fees and costs incurred by the Trustee for his counsel, Bingham Greenebaum Doll, LLP's work in connection with the Motion to Compel. The Trustee's counsel submitted supporting time records and seeks $18,260.50 for work performed in support of the Motion to Compel.

BCSD objects to three specific areas of the Trustee's Application. The first is for entries on March 30, 2018, April 4, 2018, May 1, 2018, May 3, 2018, May 8, 2018 and June 7, 2018, for work performed by the attorneys related to the Open Records Request made by the Trustee to BCSD. According to BCSD, the Open Records Request was not related to this Adversary Proceeding and were improperly included in the Application.

Counsel for the Trustee explained at the hearing that the BCSD repeatedly rebuffed the Trustee's discovery requests, first by subpoena, then by claiming attorney/client privilege and work product and told the Trustee that any such request would have to be made through an Open Records Request. The Court overruled the BCSD's claims of privilege on the documents and required that the documents be produced. The Court finds that the Open Records Requests were relevant to the discovery propounded in connection with the Adversary Proceeding and resulted in the Motion to Compel. The BCSD's Objection on this basis is meritless.

Next, BCSD takes issue with four time entries "related to the review and consideration of the BCSD's Discovery Responses." BCSD states that this work was unrelated to the Motion to Compel.

The Trustee began drafting the Motion to Compel on March 30, 2018. The time entries that BCSD objects to related to review of BCSD's Responses to Discovery Requests on April 27, 29, 30 and May 1, 2018. As explained in the Application, these entries were for work performed in litigating the Motion to Compel and related discovery issues, as well as discussions with BCSD related to the Motion. The time entries for the dates referenced in the Objection refer to work performed on the Reply in Support of the Motion to Compel. The Court finds these entries are related to the Motion to Compel and therefore compensable.

Finally, BCSD takes issue with two time entries on May 8 and May 31, 2018, because the Trustee had two attorneys attending hearings on the Motion to Compel. The Trustee contends that the attorneys' time on the Application is justified and that the case has been staffed in an efficient manner.

This Adversary Proceeding is complex. The attorneys representing the Trustee are knowledgeable on the case and in the bankruptcy arena. The time represented on the Application does not indicate that the attorneys are double billing or duplicating work. The Application submitted is not indicative of over-reaching or padding of the bill for the work performed. Accordingly, the Objection on this part of the Application is overruled.

## CONCLUSION

For all of the above reasons, the Application for Compensation and Expenses for Costs Incurred by the Trustee in Connection with his Motion to Compel, be and hereby is, **GRANTED**. An Order incorporating the findings herein accompanies this Memorandum-Opinion.

-3-

Joan A. Lloyd
United States Bankruptcy Judge
Dated: October 30, 2018

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| BULLITT UTILITIES, INC. | ) | CASE NO. 15-34000(1)(7) |
| | ) | |
| Debtor(s) | ) | |
| | ) | |
| ROBERT W. KEATS, as the Chapter 7 Trustee | ) | AP NO. 17-3072 |
| | ) | |
| Plaintiff(s) | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THE BULLITT COUNTY SANITATION DISTRICT | ) | |
| | ) | |
| Defendant(s) | ) | |

**ORDER**

Pursuant to the Memorandum-Opinion entered this date and incorporated herein, and the Court being duly advised in the premises,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Application for Compensation and Expenses for Costs Incurred by the Trustee in Connection with his Motion to Compel, be and hereby is, **GRANTED**.

Joan A. Lloyd
United States Bankruptcy Judge
Dated: October 30, 2018