UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| BULLITT UTILITIES, INC. | ) | CASE NO.  15-34000(1)(7) |
| | ) | |
| Debtor(s) | ) | |
| | ) | |
| ROBERT W. KEATS, as the | ) | AP NO.  17-3072 |
| Chapter 7 Trustee | ) | |
| | ) | |
| Plaintiff(s) | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THE BULLITT COUNTY | ) | |
| SANITATION DISTRICT | ) | |
| | ) | |
| Defendant(s) | ) | |

## MEMORANDUM-OPINION-ORDER

This matter is before the Court on the Motion for Entry of an Order Authorizing Garnishment of the Bullitt County Sanitation District's Accounts filed by Plaintiff Robert W. Keats ("Trustee"), as the Chapter 7 Trustee for the bankruptcy estate of Bullitt Utilities, Inc. ("BU").  The Court considered the Motion of the Trustee, the Objection to the Motion filed by Defendant the Bullitt County Sanitation District ("BCSD") and the comments of counsel for the parties at the hearing held on the matter.  For the following reasons, the Court will **GRANT** the Motion for Entry of an Order Authorizing Garnishment of BCSD's Accounts by the Trustee.

## LEGAL ANALYSIS

On April 30, 2019, following a trial on the merits of the Trustee's Complaint against BCSD, the Court entered a Judgment against BCSD and in favor of the Trustee in the amount of $2,789,436.23. The Trustee now seeks an Order allowing him to garnish the accounts of the BCSD in order to satisfy the Judgment.

On May 14, 2019, BCSD filed a Notice of Appeal appealing this Court's ruling denying BCSD's Motion for Partial Summary Judgment, a previous award of sanctions made in connection with a discovery dispute, and the Judgment. At the time the Trustee's Motion for Garnishment was filed, BCSD had not sought to stay collection of the Judgment, nor had it posted a bond.[1]

Rule 69 of the Federal Rules of Civil Procedure, made applicable to adversary proceedings by Bankruptcy Rule 7069, provides that a money judgment is "enforced by a writ of execution, unless the court directs otherwise." The Rule further provides that the procedure for execution of the judgment "must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Fed. R. Civ. P. 69(a)(1).

This Court previously relied on Fed. R. Civ. P. 69, as well as this Court's Administrative Manual, in authorizing the Trustee to garnish the BCSD's accounts following this Court's Order awarding sanctions against the BCSD in the discovery dispute. *See* Dkt. 83, Order Overruling Objection of BCSD to Writ of Non-Wage Garnishment, dated Feb. 20, 2019. There is no basis to apply a different procedure to the Judgment.

---

[1] While BCSD filed its Notice of Appeal on May 14, 2019, it was not until September 19, 2019, after the pending Motion had been filed, that BCSD filed a Motion to Stay Enforcement of Judgment Pending Appeal.

BCSD contends that a newly enacted Kentucky statute, KRS 66.400, prevents the Trustee from collecting the Judgment. Initially, the Court notes that the Judgment was entered prior to the enactment of KRS 66.400, which became effective on June 27, 2019. More importantly, the Court has reviewed the statute and does not find it applicable to the BCSD.

KRS 66.400 provides, in pertinent part, as follows:

. . . . .

(5)(a) The public property of any local government, of every character and description, used for government or public purposes, is exempt from seizure by attachment, execution, or other legal process, except as provided in subsections (7) and (8) of this section.

(b) A local government's funds in the hands of its treasurer or a depository shall not be subject to garnishment or other legal process, except as provided in subsection (6), (7), and (8) of this section.

(6)(a) Except for judgments covered under KRS 65.2004, any local government against which final judgment has been rendered for a claim that is not fully covered by insurance may make a motion to the Circuit Court to enter an order for the payment of money damages, in whole or in part, through a periodic payment schedule for a period of time not to exceed ten (10) years.

. . . . .

KRS 66.400(5) and (6)(a).

The introductory portion of the statute states that the term "local government" has the same meaning as in KRS 44.001. That statute states, "'local government' means any city, county, urban-county government, consolidated local government, charter county government or unified local government of the Commonwealth." The BCSD does not fall within the statutory definition of a local government. Rather, it is a special purpose governmental entity and was organized as a sanitation district under Chapter 220. *See* BCSD's Special Purpose Government Entity Registration

form, attached at Ex. B. To Dkt. No. 116.  This Court previously held that as a sanitation district, the BCSD does not carry out functions integral to state government.  *See* Dkt. 53 at p. 3, wherein this Court, relying on *Coppage Constr. Co. v. Sanitation Dist. NO. 1*, 459 S.W.3d 855,860 (Ky. 2015), held that the BCSD cannot act in a governmental capacity, in denying the BCSD's Motion for Partial Summary Judgment.

KRS 66.400 does not apply to sanitation districts such as BCSD.  Furthermore, even if it did, it cannot be applied retroactively to the Judgment.  Accordingly, there being no stay of execution in effect, the Trustee's Motion for an Order Authorizing Garnishment of the BCSD's Accounts must be granted.

Therefore, the Court being duly advised in the premises,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED**,

1. The Trustee's Motion for an Order Authorizing Garnishment of the BCSD's Accounts is **GRANTED**.

2. The Trustee may rely upon Fed. R. Civ. P. 69, made applicable by Bankruptcy Rule 7069, to garnish the accounts of the BCSD at financial institutions, the Louisville Water Company, and the BCSD's professionals.

3. The Trustee is authorized to take all actions necessary to implement the relief granted herein.

4. The Court shall retain jurisdiction to hear and determine all matters arising from this Order.

Joan A. Lloyd
United States Bankruptcy Judge
Dated:  October 29, 2019