UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| BULLITT UTILITIES, INC. | ) | CASE NO. 15-34000(1)(7) |
| | ) | |
| Debtor(s) | ) | |
| | ) | |
| ROBERT W. KEATS, as the | ) | AP NO. 17-3072 |
| Chapter 7 Trustee | ) | |
| | ) | |
| Plaintiff(s) | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THE BULLITT COUNTY | ) | |
| SANITATION DISTRICT | ) | |
| | ) | |
| Defendant(s) | ) | |

**MEMORANDUM-OPINION-ORDER**

This matter is before the Court on the Motion of the Bullitt County Sanitation District ("BCSD") to Abstain from Hearing Proceedings in Aid of Execution. In this Motion, the BCSD requests this Court to Abstain from Ruling on the merits of the Motion of the Chapter 7 Trustee, Robert W. Keats ("Trustee") of Bullitt Utilities for an Order Authorizing Garnishment of the BCSD's Accounts, and from exercising jurisdiction over proceedings in aid of execution of the Judgment entered in favor of the Trustee on April 30, 2019. BCSD requests that such matters be heard before the Bullitt Circuit Court in order that a Kentucky State Court can interpret KRS 66.400, which it claims is applicable to the Judgment.

On October 29, 2019, this Court entered a Memorandum-Opinion-Order granting the Trustee's Motion for An Order Authorizing Garnishment of the BCSD's Accounts based upon the

Judgment entered on April 30, 2019.  In that Memorandum-Opinion-Order, the Court determined that KRS 66.400 did not apply to the Judgment and BCSD.  The Trustee, therefore, could proceed to garnish the BCSD's accounts in aid of execution on the Judgment.  The BCSD's Motion asking this Court to Abstain from hearing proceedings in aid of execution is now moot.

The BCSD acknowledges that this Court had subject matter jurisdiction to hear the adversary proceeding resulting in the Judgment and that any abstention is not mandatory.  The Court also finds no basis for this Court to exercise discretionary abstention.  The Court does not find that it is in the interest of justice or in the interest of comity with state courts or respect for state law, as required in 28 U.S.C. § 1334(c)(1) for this Court to abstain from ruling on these issues.  Abstention from the exercise of federal jurisdiction is the "exception not the rule," and should only be exercised in exceptional cases where sending a matter to state court would serve an "important countervailing interest," which is not present here.  *Johnston v. City of Middletown, (In re Johnston)*, 484 B.R. 698, 714 (S.D. Ohio 2012).

The state statute relied upon by BCSD, KRS 64.400, does not apply to BCSD.  Furthermore, the factors listed in *PRN Pharmaceutical Services, LP v. Brownsburg Healthcare LLC (In re Kentuckiana Healthcare, LLC)*, 2014 WL 906121 (W.D. Ky. March 5, 2014), regarding discretionary abstention, do not weigh in favor of this Court abstaining.  The Trustee may proceed under Fed. R. Civ. P. 69(a)(1), made applicable herein through Fed. R. Bankr. P. 7069, to execute on the Judgment.  This Court had jurisdiction to enter the Judgment and this Court sees no reason why it cannot enforce the Judgment entered herein, as well as all applicable Orders pertaining thereto.  There are no exceptional circumstances evident before this Court that would weigh in favor of this Court abstaining on these matters.

Therefore, this matter having come before the Court on the Motion of the Bullitt County Sanitation District to Abstain from Hearing Proceedings in Aid of Execution of the Judgment entered herein on April 30, 2019, and the Court being duly advised in the premises,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED**, that the Motion of the Bullitt County Sanitation District for an Order of this Court to Abstain from Hearing Proceedings in Aid of Execution, be and hereby is, **DENIED**.

                                                     Joan A. Lloyd
                                                     United States Bankruptcy Judge
                                                     Dated:  October 31, 2019