## UNITED STATES BANKRUPTCY COURT
### FOR THE
### WESTERN DISTRICT OF KENTUCKY

IN RE:                                    )
                                          )
BULLITT UTILITIES, INC.                   )        CASE NO.  15-34000(1)(7)
                                          )
_____ Debtor(s)  )
                                          )
ROBERT W. KEATS, as the                   )        AP NO.  17-3072
Chapter 7 Trustee                         )
                                          )
                        Plaintiff(s)      )
                                          )
v.                                        )
                                          )
THE BULLITT COUNTY                        )
SANITATION DISTRICT                       )
                                          )
_____ Defendant(s)  )

### <u>MEMORANDUM-OPINION</u>

This matter is before the Court on the Motion to Stay Enforcement of Judgment Pending Appeal filed by Defendant the Bullitt County Sanitation District ("BCSD").  The Court reviewed the BCSD's Motion, the Objection of the Plaintiff Trustee Robert W. Keats ("Trustee"), as the Chapter 7 Trustee of Bullitt Utilities, Inc. ("BU") to BCSD's Motion and the comment of counsel for the parties at the hearing held on the matter.  For the following reasons, the Court will **DENY** the Motion to Stay Enforcement of the Judgment Pending Appeal.

## PROCEDURAL AND FACTUAL BACKGROUND

On April 30, 2019, following a trial on the merits of the Complaint filed by the Trustee against BCSD, this Court entered a Judgment in favor of the Trustee in the amount of $2,789,436.23 (hereinafter referred to as the "Judgment").

On May 14, 2019, the BCSD filed a Notice of Appeal seeking to appeal the Judgment, as well as a previous sanction award of $18,260.50 in favor of the Trustee and against BCSD on November 30, 2018.  The Notice of Appeal was docketed by the United States District Court for the Western District of Kentucky and briefing on the Appeal has been completed since September 19, 2019.

On July 17, 2019, the Trustee filed a Motion seeking an Order authorizing garnishment of the BCSD's accounts.  The parties fully briefed the issues in that Motion by August 20, 2019.  On August 27, 2019, the Court held a hearing on the garnishment Motion and took the matter under advisement.[1]

On September 19, 2019, BCSD filed the Motion for an Order Staying Enforcement of the Judgment.

## LEGAL ANALYSIS

Bankruptcy Rule 8007 governs the time deadline for the filing of a motion seeking a stay pending appeal.  It states, in pertinent part, "The motion may be made either before or after the notice of appeal is filed."  Fed. R. Bankr. P. 8007(a)(2).  Implicit in the Rule is the requirement that the motion for stay pending appeal be timely filed.  *In re Kaplan*, 373 B.R. 213, 215 (B.A.P. 1st Cir.

---

[1]On October 29, 2019, this Court entered an Order granting the garnishment Motion.

2007).  In *Kaplan*, the court denied a motion for stay pending appeal where the motion was filed two months after the order sought to be stayed was filed.  The court determined that the appellant only filed the motion because during the two months following issuance of the order he was appealing, appellant was confronted with a show cause order.  No justification for his failure to timely move for an order of stay of enforcement of the show cause order was provided.

Here, the time between the issuance of the Judgment on March 30, 2019 and the Motion to Stay was nearly five months.  BCSD says it did not move for stay pending appeal because it was engaged in settlement discussions with the Trustee.  However, the Trustee filed a Motion for Entry of an Order Authorizing Garnishment of BCSD's Accounts and a Writ of Execution on July 17, 2019.  The Court issued a Notice for a Hearing on that Motion on July 18, 2019 and scheduled a hearing on August 27, 2019.  It was not until September 19, 2019 that the Motion for Stay Pending Appeal was filed.  Considering the size of the monetary Judgment issued against BCSD on March 30, 2019, it is curious that BCSD waited this long to seek an Order imposing a stay of enforcement of the Judgment.

The issuance of a stay pending appeal is within the sound discretion of the trial court.  In *In re Stage Coach Venture, LLC*, 2017 WL 664015 (Bankr. C.D. CA Feb. 17, 2017).  The power to grant a stay "should be sparingly employed and reserved for the exceptional situation."  *In re Frantz*, 534 B.R. 378, 386 (Bankr. D. Idaho 2015).  It is an extraordinary remedy and requires "a substantial showing on the part of the movant."  *McKinstry v. Sergent (In re Black Diamond Min. Co., LLC)*, 2011 WL 4433624, at *4 (Bankr. E.D. Ky. Sept. 21, 2011) (quoting *In re F.G. Meadows, Inc.*, 390 B.R. 467, 471 (Bankr. N.D. Fla. 2008).  The party requesting the stay bears the burden of showing the circumstances that justify exercise of the court's discretion.  *Nken v. Holder*, 556 U.S. 418, 433-

34 (2009). Given all of these considerations, the BCSD has not demonstrated that this is an exceptional situation or that any extenuating circumstances that justify the imposition of a stay exist. Considering that the Motion for Stay was untimely filed, the Court sees no reason to issue the stay.

Even if BCSD had filed the Motion for Stay timely, there is simply no reason to impose a stay. In order to impose a stay pending appeal, the Court must consider the four factors set forth by the Sixth Circuit in *Michigan Coalition of Radioactive Material Users Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991). Those factors are: (1) whether the applicant has demonstrated a likelihood of success on the merits regarding the appeal; (2) whether the applicant will be irrevocably injured absent a stay; (3) whether the issuance of the stay will substantially injure the other interested parties; and (4) where the public interest lies. *Id.* at 153. The factors are inter-related and must be balanced together.

BCSD contends this Court did not have jurisdiction to enter a final Order in this case relying on *Stern v. Marshall*, 564 U.S. 462 (2011). The Court disagrees with BCSD's analysis of the *Stern* case. Here, BCSD filed a Proof of Claim based on damages it claimed to have suffered under contract law, as well as its role as receiver for the Debtor. However, the Trustee's claims in this adversary proceeding were based, in part on the actions of BCSD in its role as receiver. Where a creditor asserts a proof of claim and a trustee sues the creditor for issues directly related to that proof of claim, this Court has statutory and constitutional core jurisdiction. *In re Applachian Fuels, LLC*, 472 B.R. 731, 739 (E.D. Ky. 2012). This is the scenario presented by this case. Therefore, the Court does not see that its actions implicate *Stern*. BCSD has not shown a likelihood of success on the merits of its appeal.

In order to establish irreparable harm under *Griepentrog*, the Defendant must demonstrate a series of questions going to the merits and irreparable harm that decidedly outweighs the harm that will be inflicted on others if a stay is granted. *See*, *Baker v. Adams County/Ohio Valley School Board*, 310 F.3d 927, 928 (6th Cir. 2002). Irreparable harm asserted by BCSD in its Motion is dependent on the collection of the money Judgment entered by this Court. Case law establishes that injury caused by monetary damages does not constitute irreparable harm. *Baker*, 310 F.3d at 930; *In re Holstine*, 458 B.R. 392, 397 (Bankr. E.D. Mich. 2011); *In re Abbo*, 191 B.R. 680, 683 (Bankr. N.D. Ohio 1996). The economic harm asserted by BCSD due to collection of the Judgment does not weigh in favor of this factor.

The next two factors, whether staying the Judgment pending appeal will substantially injure other interested parties and where the public interest lies, do not weigh in favor of the Court issuing the stay. The facts determined in this trial established that when a catastrophic failure of a wastewater treatment plant, such as the one at Hunters Hollow in Bullitt County, Kentucky occurs, remedial action must be swift and complete in order to protect the public. Here, companies such as Perdue Environmental Contracting Co., Inc. ("PECCO") and Veolia Water Technologies, Inc. ("Veollia"), provided swift services to get the wastewater treated and the facility operational, unlike BCSD, which delayed its much needed assistance and then breached both oral and written contractual duties, as well as fiduciary duties owed to BU. This caused further damages to the Debtor and creditors such as Veollia and PECCO. Issuance of a stay under the facts of this case would not serve the public interest but would rather serve as a deterrent in the future for companies like Veollia and PECCO to respond immediately to catastrophic failure of a wastewater treatment

facility in the future.  Few companies would react so quickly given the risk of nonpayment and lengthy litigation such as is presented in this case.

When the Court considers the untimeliness of the Motion to Stay Enforcement of the Judgment Pending Appeal, as well as the four *Griepentrog* factors, the greater weight is in favor of denial of the imposition of a stay pending appeal.  For these reasons, the Court will enter the accompanying Order denying the Motion for Stay Pending Appeal.

## <u>CONCLUSION</u>

For all of the above reasons, the Court will enter the accompanying Order denying the Motion of Defendant BCSD to Stay Enforcement of the Judgment Pending Appeal.

Joan A. Lloyd
United States Bankruptcy Judge
Dated:  November 13, 2019

-6-

## UNITED STATES BANKRUPTCY COURT
### FOR THE
### WESTERN DISTRICT OF KENTUCKY

IN RE:                                      )
                                            )
BULLITT UTILITIES, INC.                     )        CASE NO.  15-34000(1)(7)
                                            )
_____Debtor(s)__        )
                                            )
ROBERT W. KEATS, as the                     )        AP NO.  17-3072
Chapter 7 Trustee                           )
                                            )
                        Plaintiff(s)        )
                                            )
v.                                          )
                                            )
THE BULLITT COUNTY                          )
SANITATION DISTRICT                         )
                                            )
_____Defendant(s)__       )


### ORDER

Pursuant to the Memorandum-Opinion, entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Motion to Stay Enforcement of Judgment Pending Appeal filed by Defendant Bullitt County Sanitation District, by and hereby is, **DENIED**.

Joan A. Lloyd
United States Bankruptcy Judge
Dated:  November 13, 2019